HARVARD LAW SCHOOL LIBRARY

---

## MABURY WAFER *v.* ALEXANDER WAFER et al.

The Act of the 18th of March, 1850, does not require that the oath to authorize the clerk of the parish of Claiborne to issue an execution upon a judgment, destroyed by the burning of the court house of Claiborne, should be made by the owner of such judgment, and by no other person. It requires a statement, under oath, specifying the exact amount of such judgment or the balance due thereon, without saying by whom the oath shall be made.

The attorney who has obtained the judgment, and who has kept a memorandum of it, is a proper person to make the affidavit.

Errors and irregularities in the proceedings and sale by a sheriff, under execution, are cured by the giving of a twelve months' bond.

The proviso in the Act of the 18th of March. 1850, "That the person against whom such execution may be issued, shall have the right to enjoin the same, upon making oath that any material statement in the affidavit of the person applying for the execution is not correct; and if such injunction be set aside, the person enjoining shall not be liable to any damages except the costs of said injunction," is not applicable to an execution upon a twelve months' bond.

WAFER
v.
WAFER.

APPEAL from the District Court of the Parish of Claiborne, *Bullard*, J. *Jones*, for plaintiff. *McGuire* and *Ray*, for defendants. By the court:

DUNBAR, J. This is an injunction, sued out by the plaintiff, to stay an execution issued upon a twelve months' bond, given by the plaintiff, *Mabury Wafer* and his sureties, in the case of *Alexander Wafer* v. *Mabury Wafer* and *Sicily Wafer*. It appears, that on the 29th of May, 1850, *John Ray*, in the capacity of attorney for *Alexander Wafer*, made an affidavit in conformity with an Act of the Legislature of Louisiana, of the 18th March, 1850, in which he set forth that *Alexander Wafer*, at the fall term of the district court of the parish of Claiborne, had obtained a judgment against *Mabury Wafer* and *Sicily Wafer* jointly, as the universal heirs and legatees of *Thomas Wafer*, deceased, for the sum of $751 24, with interest, &c.; that the said judgment, above described, had been destroyed by the burning of the court house of the parish of Claiborne, in November, 1849, and that he made the affidavit from his recollection of the facts and from memorandums taken by him at the time of the trial of the case. Upon this affidavit, under the provisions of the aforesaid Act of the 18th March, 1850, the clerk of the district court issued an execution on said judgment against *Mabury Wafer* and *Sicily Wafer*, under which the sheriff, as is shown by his return, proceeded by levying the same on the plantation on which *Mabury Wafer* resided, who waived notice of levy and the notice to appoint appraisers. At the first exposure, the property seized not bringing two-thirds of its appraised value, the sheriff proceeded to advertise and sell the same at twelve months' credit, when *Mabury Wafer* became the purchaser, executing the twelve months' bond upon which the execution now enjoined has been issued.

The plaintiff alleges in his petition, that there are material errors in the affidavit of *John Ray*, upon which execution was issued against him; that even under the affidavit itself he is only bound for one-half of the aforesaid judgment, and that the said *John Ray*, as the attorney at law of *Alexander Wafer*, was not authorized by the Act of 1850 to make the oath required by that statute, but that it should have been made by *Alexander Wafer*. The plaintiff further alleges that he gave in error the aforesaid twelve months' bond.

We have examined the Act of 1850, and find that it does not require that the oath to authorize the clerk of the parish of Claiborne to issue an execution upon a judgment destroyed by the burning of the court house of Claiborne, should be made by the owner of such judgment and by no other person. On the contrary, it requires "a statement, under oath, specifying the exact amount of such judgment or the balance due thereon," without saying by whom the oath shall be made. In the present instance, we consider that *John Ray*, the attorney who obtained the judgment and who had kept a memorandum of it, was the most proper person to have made the affidavit.

With regard to the errors and irregularities complained of by the plaintiff, in the proceedings and sale by the sheriff, under the execution issued upon the destroyed judgment, we are of opinion, if there were any, they were all cured by his giving the twelve months' bond. *Jones* v. *Frelsen*, 9 R. R. 185. *Coons, curator* v. *Graham, curator*, 12 R. R. 209. There is, moreover, evidence in the record, that in the partition of *Thomas Wafer's* estate, it was agreed between *Mabury Wafer* and *Sicily Wafer*, his heirs, to leave $1650 in the hands of *Mabury Wafer* to pay the debts of the estate of *Thomas Wafer*, for one of which debts the destroyed judgment was rendered. From which it may well

be inferred that *Mabury Wafer* intended, in the giving of the twelve months' bond, to settle, in full, the whole amount of the judgment against himself and *Sicily Wafer*. There is nothing in the record to satisfy us that there was any error in the affidavit of *John Ray* upon which the execution issued; but the Act of 1850 provides " that the person against whom such execution may be issued, shall have the right to enjoin the same upon making oath that any material statement in the affidavit of the person applying for the execution is not correct; and if said injunction be set aside, the person so enjoining shall not be liable to any damages, except the cost of such injunction." We are of opinion that this proviso is not applicable to the execution on the twelve months' bond.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed; the appellant paying the costs of this appeal.